**In re John K. GADUS, Dorothy M. Gadus (Basden), Debtors.**

**PUBLIC EMPLOYEES RETIREMENT SYSTEM, Plaintiff,**

v.

**Dorothy M. GADUS (Basden), Defendant.**

**Bankruptcy No. 91–3051.
Related No. 90–34004–S.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 15, 1992.

William Dansel, Asst. Atty. Gen., Columbus, Ohio, for plaintiff.

Gordon R. Barry, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint to Determine Dischargeability of Debt. At the Trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the debt owed to plaintiff in the amount of One Thousand Four Hundred Sixty–Eight Dollars and Twenty-three Cents ($1,468.23) is Nondischargeable.

## FACTS

The Public Employees Retirement System of Ohio (hereafter Plaintiff) commenced payment of survivor benefits to the Basden family on August 1, 1977. Defendant, Dorothy Basden Gadus, was a minor during this time and received benefits as a survivor of Albert Basden, her father. These benefits were paid to Defendant on behalf of Albert Basden's estate through Defendant's mother. Payments were made directly to Defendant upon emancipation so long as she was matriculating in an institution of higher learning and had not obtained the age of 22 years.

Defendant obtained PERS benefits during the 1982–1983 school year for purposes of attending Owens Technical College (hereafter Owens Tech). As a condition for receipt of PERS benefits, Defendant agreed, in writing, to notify Plaintiff when she withdrew from school.

Defendant attended Owens Tech from September, 1982 through January 26, 1983 when she voluntarily withdrew. Upon separation, Defendant failed to notify Plaintiff that her circumstances had changed. On or about March 15, 1983 Defendant did,

however, notify Plaintiff in writing, of her new forwarding address. Defendant failed to mention in the written correspondence that she had withdrawn from Owens Tech.

In early June, 1983, Plaintiff mailed to Defendant an inquiry regarding her continued education at Owens Tech for the upcoming 1983–1984 school year. Defendant failed to respond. During late June, 1983 Plaintiff corresponded with Owens Tech and discovered that Defendant had withdrawn on January 26, 1983. Plaintiff immediately terminated Defendant's benefits prior to the issuance of the July, 1983 payment.

Plaintiff paid benefits to Defendant totalling One Thousand Four Hundred Sixty-eight Dollars and Twenty-three Cents ($1,468.23) for the months commencing in February, 1983 through June, 1983. Demands for reimbursement went unheeded by Defendant and consequently this matter was referred to the Attorney General.

Defendant and her spouse filed for Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on November 15, 1990. Plaintiff filed its complaint on February 11, 1991 seeking an Order that the overpayment of One Thousand Four Hundred Sixty Eight and 23/100 ($1,468.23) is nondischargeable pursuant to 11 U.S.C. § 523.

A trial was held on June 3, 1992 and Defendant failed to appear. Defendant's counsel appeared in her stead. Ms. Martindill, plaintiff's representative, presented evidence in the form of sworn testimony and exhibits to substantiate the claim that Defendant's overpayment is nondischargeable according to 11 U.S.C. § 523(a)(2)(B). According to Ms. Martindill's testimony, Defendant did not misrepresent the facts when making application for benefits. Defendant did err however, when she failed to notify Plaintiff of her withdrawal from Owens Tech. Further, Ms. Martindill alleged that Defendant's ongoing acceptance of PERS benefits does constitute a false representation upon which Plaintiff relied. Reliance upon Defendant's ongoing false representation caused Plaintiff to improperly pay benefits totalling One Thousand

Four Hundred Sixty Eight and 23/100 Dollars ($1,468.23).

## LAW

The relevant law is contained in 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B) which read as follows:

§ 523 Exceptions to discharge.

(a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

## DISCUSSION

■■■ Plaintiff seeks a judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(B). The Court finds insufficient grounds to deny a discharge under this section for three reasons. First, Section 523(a)(2)(B) looks at the accuracy of the financial statement and reliance on it at the time it was presented, not whether subsequent events make the statement inaccurate at some later time. *In re Hatcher*, 111 B.R. 696 (Bankr.N.D.Ill 1990). Second, while an endorsement on a check may qualify as a false statement under § 523(a)(2)(A), said endorsement does not qualify as a "financial statement" under § 523(a)(2)(B). *Hatcher*, at 700. Third, section 523(a)(2)(A) provides an adequate remedy for one's failure to disclose subsequent events. *Hatcher*, at 700.

The parties in this case concur that Defendant's statement regarding her enrollment in school was materially correct when application for PERS benefits was made. Subsequent endorsement of PERS benefit checks does not automatically render Defendant's initial financial statement false. Therefore grounds for denying discharge based upon Defendant's financial statement are not found under § 523(a)(2)(B).

■ The Court does find however that Defendant's acceptance of PERS benefits to which she was not entitled is tantamount to an intentional false representation in writing. Therefore Defendant's overpayment is nondischargeable under 11 U.S.C. § 523(a)(2)(A). As a basis for this determination, the Court relies upon the reasoning from *Hatcher*.

In *Hatcher*, the Court found that the Debtor, Helen Hopkins received General Assistance and Food Stamp benefits while maintaining paid employment. While her case was pending, Ms. Hopkins met with her caseworker for reconsideration of her financial status. She never notified her caseworker that she was employed either at the reconsideration meeting or during the following year while she was employed. The Illinois Department of Public Aid (ILPA) independently discovered that Ms. Hopkins was employed while simultaneously receiving General Assistance and Food Stamps. The United States Bankruptcy Court for the Northern District of Illinois denied Ms. Hopkins' request that the overpayment be discharged under 11 U.S.C. § 523(a)(2)(A). The Court's rationale for denial of Ms. Hopkins request can be couched into four arguments.

First, the public code for the State of Illinois requires that the recipient give notice of any change of status. Ms. Hopkins was made aware of this requirement upon making application and during reconsideration. She never notified IDPA that she was employed.

Second, withholding information which has a direct influence upon the receipt of benefits constitutes "recipient fraud" as defined by the Public Aid Code for the State of Illinois.[1] Ms. Hopkins' employment income directly affected her entitlement to public benefits and her failure to notify IDPA does constitute fraud pursuant to the Illinois statute.

Third, each acceptance of payment from IDPA constitutes an intentional false representation in writing and consequently renders the accurate financial statement materially false by the failure to disclose subsequent events. Every time that Ms. Hopkins accepted a payment while employed, she engaged in the intentional false representation that she remained unemployed.

Fourth, IDPA relied upon the recipient's representation in continuing benefits and consequently a debt arose. Ms. Hopkins continued acceptance was the basis of IDPA's reliance that she remained unemployed and therefore entitled to payment. The Court found that the debt arising from IDPA's reliance upon Ms. Hopkins' statements is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

The facts in the case at bar are analogous to the facts of *Hatcher*. First, Defendant was awarded PERS benefits on the condition that she attend school and notify Plaintiff in the event that any circumstances affecting her attendance unfold. Second, Defendant acknowledged, in writing, her awareness that receipt of the benefits was conditioned upon school attendance. Third, Defendant did correspond

---

1. The Public Aid Code defined "Recipient Fraud" as:

    Any person, who by means of any false statement, willful misrepresentation or failure to notify the county department of the local government, as the case my be of a change in his status as required by Sections 11–18 and 11–19, or any person who knowingly causes any applicant or recipient without knowledge to make such a false statement of willful representation, or by withholding information causes the applicant or recipient to fail to notify the county department or local governmental unit as required, for the purpose of preventing the denial, cancellation or suspension of any grant, or a variation in the amount thereof, or thought other fraudulent device obtains or attempts to obtain, or aids and abets any person in obtaining public aid under this Code to which he is not entitled is guilty of a violation of this article and shall be punished as provided in Section n.

with Plaintiff during the time when her overpayment was accruing however she failed to mention that she had withdrawn from Owens Tech. Fourth, Defendant's continued acceptance of checks created the illusion that she remained enrolled. Plaintiff relied upon this representation and paid Defendant benefits to which she was not entitled.

Based upon the aforementioned reasons, the Court finds that Defendant's debt to Plaintiff totalling One Thousand Four Hundred Sixty Eight and 23/100 Dollars ($1,468.23) is nondischargeable under 11 U.S.C. § 523(a)(2)(A). In reaching the conclusion found herein, the Court has considered all of the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that the Debt owed to the Public Employees Retirement System of Ohio be, and is hereby, held NONDISCHARGEABLE under 11 U.S.C. § 523(a)(2)(A).